IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELIZABETH PAYNE<br>Plaintiff | §<br>§<br>§ | |
| vs. | §<br>§ | CIVIL ACTION NO. 3: _____ |
| FRIENDSHIP WEST BAPTIST<br>CHURCH, INC<br>Defendant | §<br>§<br>§<br>§ | 3-09CV0595-B |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Elizabeth Payne ("Payne"), hereinafter called Plaintiff, complaining of and about Friendship West Baptist Church, Inc., hereinafter called Defendant; and for her cause of action would show unto the Court the following:

### I. INTRODUCTION

1. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act, 42U.S.C.§§2000 *et seq.* and other laws seeking damages for conduct committed by Defendant acting through its employees and agents.

### II. PARTIES AND SERVICE

2. Plaintiff, Elizabeth Payne brings this action individually. Plaintiff resides in Tarrant County, Texas.

3. Defendant Friendship West Baptist Church, Inc. is a Texas nonprofit corporation having its primary place of business and doing business in the State of Texas at 2020 W. Wheatland Road, Dallas, Texas 75232-4517. Defendant may be served through its registered agent for service; to wit: Ricky Hill, 2020 W. Wheatland Road, Dallas, Texas 75232-4517.

## III. JURISDICTION AND VENUE

4.      This court has jurisdiction over this cause pursuant to 28 U.S.C. § 1331, because Plaintiff seeks recovery pursuant to a federal statute, to wit, Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.* for discrimination against the Plaintiff by Defendant during her employment.

5.      The Defendant's conduct complained of by Plaintiff occurred in or near Dallas, Texas, which is within Dallas County, Texas, which is within the Northern District of the State of Texas. Thus, venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practice was committed in this district Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because defendant has its principal office in this district.

## IV. EXHAUSTION OF ADMINISTRATIVE PROCEDURES

6.      Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission (EEOC).  Plaintiff files this complaint within 90 days of receiving a notice of the right to sue from the EEOC.

## V. FIRST COUNT

7.      Plaintiff incorporates by reference Paragraphs 1 through 6 and makes such paragraphs apart of this Plaintiff's first count against Defendants. Plaintiff also incorporates by reference all exhibits attached hereto.

8.      On or about January 1, 2008, Plaintiff began working full time for Defendant. At all times alleged herein, Plaintiff was an employee of Defendant and acted primarily as an administrative assistant.

9.      During the term of her employment, Plaintiff was subjected to discriminatory treatment on the basis of her race, national origin and/or gender.

10. On August 1, 2008, Defendant terminated Plaintiff's employment. At the time of termination, Plaintiff was given no reason for the termination. Plaintiff requested that the Human Resources Director provide a reason for termination, however she told Plaintiff that she was not allowed to discuss the basis for termination with the Plaintiff.

11. At the time of termination, Plaintiff was the only White, Hispanic, female working at Friendship West and there was only one other White Hispanic, who worked in a janitorial capacity. No other Whites or Hispanics were employed by Friendship West. After her termination, Plaintiff's position was filled by an African-American female.

12. Shortly before her termination, Defendant discovered emails and other information suggesting that Plaintiff was involved in an interracial relationship with an African-American male. Co-workers and supervisors expressed to Plaintiff the opinion that African-Americans should not be involved in relationships with those who were not African-Americans and disapproved of her relationship with the African-American male.

13. Title VII prohibits discrimination in employment premised on an interracial relationship.

14. Furthermore, during the time of her employment, Plaintiff observed other employees who were African-Americans, male and female, who had similar relationships with other African-Americans who were not terminated for their involvement in such "same-race" relationships. However, shortly after Plaintiff was thought to be in a relationship with an African-American male, her employment was terminated.

15. During her employment, Plaintiff consistently received positive and favorable job performance reviews. Plaintiff was qualified for and satisfactorily performed her job.

16. In addition, Plaintiff represented Defendant's Pastor Haynes in communications with the media, during a troubled time in the church's history, and received praise for how she handled those matters.

17. Prior to her termination, Plaintiff was given no warning that her employment would be discontinued. Based on past experience, Plaintiff knew that employees were routinely given warnings and allowed to improve their performance prior to being terminated.

18. Following termination, Plaintiff was given no further benefits or COBRA notice to allow her to extend health insurance for herself or her children.

19. Such actions, individually and collectively, constituted a wrongful discharge of Plaintiff from her employment which is actionable under the laws of the United States of America and the State of Texas.

## VI. DAMAGES

20. As a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages.

21. Plaintiff was discharged from employment with Defendant. Although Plaintiff has diligently sought other employment, she has been unable to find a job at comparable pay. In addition, plaintiff has incurred expenses in seeking other employment and has had to pay for medical treatment that otherwise would have been covered by the health benefits plan offered by Defendant.

22. Plaintiff seeks an award of exemplary damages where the actions of Defendant were willful, malicious and intentional; and manifest a wanton disregard and reckless indifference to Plaintiff's federally protected rights. The imposition of punitive damages will serve as an example and deterrent to defendants and others who would commit similar illegal

acts. Further the actions of Defendant are part and parcel of Defendant's usual and customary pattern of discriminatory treatment of those of other races, such as the Plaintiff.

23.    Plaintiff suffered mental anguish and emotional distress.

## VII. ATTORNEY FEES

24.    Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

## VIII. JURY DEMAND

25.    Pursuant to FED.R.CIV.P .38, Plaintiff demands trial by jury on all issues.

## IX. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Elizabeth Payne, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant, as follows:

a. That Plaintiff recover judgment from Defendant for Plaintiff's damages described above;

b. That Plaintiff recover pre-judgment and post-judgment interest on past and future damages as allowed by law;

c. That Plaintiff recover all costs of court; and

d. That Plaintiff recover all such other and further relief, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

Shrull Altman LLP
1701 River Run, Suite 1116
Fort Worth, Texas 76107
(817) 336-3925
(817) 336-2124
danaltmanlaw@gmail.com



Daniel George Altman
Texas Bar No. 00793255
**Attorney for Plaintiff
Elizabeth Payne**

**PLAINTIFF DEMANDS TRIAL BY JURY**

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Elizabeth Payne

**DEFENDANTS**
Friendship West Baptist Church, Inc.

3-09CV0595-B

(b) County of Residence of First Listed Plaintiff: Tarrant
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Dallas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECEIVED MAR 31 2009 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

(c) Attorney's (Firm Name, Address, and Telephone Number)
Shrull Altman LLP, 1701 River Run, #1116, FW, TX 76107
17-336-3925

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §§ 2000e et seq
Brief description of cause:
Employment discrimination based on race, gender and national origin

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: 03/31/2009
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE