NO. 3:09-CV-00595-B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

ELIZABETH PAYNE,
*Plaintiff*

VS.

FRIENDSHIP WEST BAPTIST CHURCH,
*Defendant*
_____

ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
_____

**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
_____

Respectfully submitted,

| | |
|---|---|
| Faith S. Johnson | John D. Nation |
| State Bar No. 18367550 | State Bar No. 14819700 |
| Law Offices of Faith Johnson | Wyde & Nation |
| 5201 N. O'Connor Blvd., Suite 500 | 3131 Turtle Creek, Suite 901 |
| Irving, Texas 75039 | Dallas, Texas 75219 |
| 972-401-3100 | 214-521-9100 |
| 972-401-3105 (facsimile) | 214-521-9130 (facsimile) |

Counsel for Defendant

TABLE OF CONTENTS

LIST OF AUTHORITIES ........................................................................................................4

INTRODUCTION .....................................................................................................................4

REASONS FOR GRANTING SUMMARY JUDGMENT ......................................................5

FACTUAL BACKGROUND ...................................................................................................6

Argument ....................................................................................................................................9

   Standard of Review: ..............................................................................................................9

   Arguments and Authorities: ..................................................................................................9

CERTIFICATE OF SERVICE................................................................................................13

LIST OF AUTHORITIES

**Cases**

*Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005) ...................................5, 10

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). ..................................................9

*Barnes v. Yellow Freight Sys. Inc*., 778 F.2d 1096, 1101 (5th Cir. 1985), ..............................10

*Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)..................................................................9

*Coleman v. Houston Independent School District*, 113 F.3d 528, 533 (5th Cir. 1998) ............9

*Lee v. Kansas City Southern Railway Co.*, 574 F.3d 253, 259 (5th Cir. 2009)...................5, 10

*Little v. Republic Ref. Co. Ltd.*, 924 F.2d 93, 97 (5th Cir. 1991). .......................................5, 10

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).........................................5, 10

*Okoye v. Univ. of Tex. Houston Health Sci*., 245 F.3d 507, 514 (5th Cir. 2001)....................11

*Perez v. Tex. Dep't of Criminal Justice*, 395 F.3d 206, 213 (5th Cir. 2004) ......................6, 11

*Smith v. Wal-Mart Stores* (No. 471), 891 F.2d 1177, 1180 (5th Cir. 1990)............................10

*Wallace v. Methodist Hosp. Sys*. 271 F.3d 212, 221-222 (5th Cir. 2000) ...............................10

*Wyvill v. United Cos. Life Ins. Co*., 212 F.3d 296, 302 (5th Cir. 2000) ..................................10

**Statutes**

42 U.S.C. § 2000e-2 (a),..........................................................................................................10

**Rules**

Fed. R. Civ. P. 56 (a).................................................................................................................4

Fed. R. Civ. P. 56 (c).................................................................................................................9

Local Rules 56.3 and 56.5 .........................................................................................................4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELIZABETH PAYNE | § | |
| | § | |
| VS. | § | NO. 3:09-CV-00595-B |
| | § | |
| FRIENDSHIP WEST BAPTIST | § | |
| CHURCH | § | |

### BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, FRIENDSHIP WEST BAPTIST CHURCH, Defendant, and, pursuant to Fed. R. Civ. P. 56 (a) and Local Rules 56.3 and 56.5, files the following in support of its motion for summary judgment:

1.

### INTRODUCTION

Elizabeth Payne, Plaintiff, was employed from January 1, 2008 to August 1, 2008 as executive assistant to Dr. Frederick Haynes, Senior Pastor of Defendant Friendship West Baptist Church, who was her only supervisor and the only person who could terminate her. Part of her duties included communications with colleagues of Dr. Haynes. One of these was the Reverend Jeremiah Wright, a close friend and mentor to Dr. Haynes. Reverend Wright achieved some notoriety in the 2008 presidential election as a minister to President Barack Obama.

Although their relationship started out on a professional basis, in May or June of 2008, Payne and Wright began to exchange sexually-charged emails. In her complaint and deposition, Payne contends that Dr. Haynes discovered the emails and terminated her from

employment. This, she contends, constituted employment discrimination under Title VII, because other, similarly-situated employees of Friendship West, who were not members of her protected class, engaged in immoral activities, including adultery, but were not terminated and allowed to keep their jobs.

2.

## REASONS FOR GRANTING SUMMARY JUDGMENT

In order to establish a prima facie case of employment discrimination under Title VII, an employee must establish that she was the subject of an adverse employment action and that she was treated less favorably than were other, similarly-situated employees who were not members of the protected class, under nearly identical circumstances. *See Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005); *Lee v. Kansas City Southern Railway Co.*, 574 F.3d 253, 259 (5th Cir. 2009); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

A plaintiff alleging disparate treatment must show an employee comparator who incurred dissimilar employment decisions. An employee who offers a fellow employee as a comparator must demonstrate that the employment actions at issue were taken under nearly identical circumstances. *Little v. Republic Ref. Co. Ltd.*, 924 F.2d 93, 97 (5th Cir. 1991). Critically, the plaintiff's conduct that drew the adverse employment decision must have been nearly identical to that of the proffered comparator who allegedly drew dissimilar employment decisions. *Perez v. Texas Dept. of Criminal Justice*, 395 F.3d 206, 213 (5th Cir. 2004).

As her comparators, Plaintiff offered several staff members who had engaged in immoral relationships and had not been fired. These comparators were not nearly identical

to Plaintiff because, even if one believes Plaintiff's version of the facts, the other employees were engaged in allegedly immoral conduct outside of working hours, whereas Plaintiff engaged in a "sexting" relationship (a) on company time, (b) on company premises, (c) using company equipment. Further, she was engaging in sexually-charged conduct with a nationally-known minister, which had the potential to bring adverse publicity and opprobrium on the church. Because Plaintiff has failed to show similarly-situated comparators, her attempt to bring a prima-facie case fails and summary judgment in favor of Defendant should be granted.

3.

**FACTUAL BACKGROUND**

Elizabeth Payne was hired on January 1, 2008 as executive assistant to Rev. Frederick Haynes, Senior Pastor of Friendship West Baptist Church, who was her only supervisor. Her duties included making travel arrangements for Dr. Haynes, who traveled often, typing correspondence and coordinating his schedule. (Appendix at 9; 39).[1]

At some point she became acquainted with Rev. Jeremiah Wright, a nationally-known pastor of another church. Their relationship began in a business context, and Wright was helpful to her in minor matters. Later, in an email, Rev. Wright asked Payne if she would have a problem meeting him somewhere. (Appendix at 15-16). She replied that she would not. They began flirting, primarily through emails with some telephone contact. They did not meet physically to consummate the relationship; they made plans to meet but never did. Payne testified at her deposition that Wright began the flirting, which she did not

---

[1] The appendix contains deposition excerpts from Plaintiff Elizabeth Payne's deposition, taken December 18, 2009.

discourage. (Appendix at 16 ). The emails continued until shortly before her termination by the church on August 1, 2008.[2]

These emails were sexually explicit, with Dr. Wright telling her he would "like to make love to her" and that he would like her "to sit on his face." In one email, Wright suggested they play "carnival," a game where she would sit on his face and he would try to "guess her weight." (Appendix at 23-24). In other emails, Wright said he would "like to hear her scream," "have her sit on top of him" and "take a shower with her." (Appendix at 25).

For her part, Payne replied that she would "like to be on top of him." She acknowledged that if Wright made a sexual suggestion, she would agree with it. Payne admitted that she was involved in sexual speech with Dr. Wright. (Appendix at 26).

Although she had "non-traditional" working hours, Payne admitted that some of these emails were exchanged during working hours and were sent through her Blackberry, which was church property. (Appendix at 30-31).

Payne "believed" that Dr. Haynes discovered the emails between her and Dr. Wright shortly prior to her termination. (Appendix at 40-41). She acknowledged that Dr. Haynes never confronted her about the emails and that no one else at the church told her that Dr. Haynes knew about the emails before terminating her. (Appendix at 41). Payne simply assumed that Dr. Haynes knew about the emails. (Id).

The substance of Plaintiff's claim is that Dr. Haynes terminated her due to her relationship with Dr. Wright; according to the Plaintiff, members of the church staff frowned on non-African-Americans having romantic relationships with African-Americans. (Appendix at 11-12; 18-20).

---

[2] Although Plaintiff estimated that over 80 emails were exchanged between her and Dr. Wright, she was not able to produce copies of each and every email. For purposes of this motion, Defendant is assuming, but not conceding for trial purposes, that the emails were as Plaintiff has characterized them.

Should this case proceed to trial, Defendant intends to prove that Dr. Haynes was not aware of the email relationship between Plaintiff and Dr. Wright prior to her termination. Therefore, he could not terminate her on the basis of facts of which he was unaware. Plaintiff was in fact terminated due to incompetence in the discharge of her employment duties. Dr. Haynes did not learn of the email relationship until after the termination when he learned of the relationship from Plaintiff's estranged husband. For purposes of this motion, however, Defendant views the evidence in the light most favorable to the non-movant, as must be done on summary judgment.

Plaintiff's case fails because she has utterly failed to provide a sufficient comparator, as required under Fifth Circuit and Supreme Court case law. Plaintiff alleged that other members of the church staff were involved in adulterous or sexually immoral relationships, but who were not punished as she was and were allowed to keep their jobs. She has not, however, demonstrated that her alleged comparators were similarly situated to her in job responsibilities or that their employment misconduct was nearly identical to hers.

As alleged comparators, Payne offered Reverend Marcus King who had a sexual affair with Monique Monroe, the person who held the executive assistant position before her. (Appendix at 36-37). She also claimed that a Pastor Fitzgerald and his current wife, before they were married, were allowed by the church to go on a trip where they engaged in sexual relations. (Appendix at 37). Jack Acona and Tia Bottom, other church employees, had a child out of wedlock before they were married. (Appendix at 38).

Again, should this case proceed to trial, Defendant will not be accepting Plaintiff's version of the facts; indeed, Defendant will show that Jack Acona and Tia Bottom's child was born before they came on staff at the church. As is required on summary judgment,

Defendant discusses the facts in the light most favorable to the non-movant. Even so viewed, it is clear that Plaintiff has failed to provide a sufficient comparator in order to prove a prima facie case of employment discrimination.

4.

**Argument**

1. Standard of Review:

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). The court must view the evidence in the light most favorable to the non-movant. *Coleman v. Houston Independent School District*, 113 F.3d 528, 533 (5th Cir. 1998). The non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial to avoid summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). Summary judgment is appropriate, however, if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322.

2. Arguments and Authorities:

In order to establish a prima facie case of employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 (a), an employee must establish that she was the subject of an adverse employment action and that she was treated less favorably than were other, similarly-situated employees who were not members of the protected class, under nearly identical circumstances. *See Abarca v. Metro. Transit Auth*., 404 F.3d 938, 941

(5th Cir. 2005); *Lee v. Kansas City Southern Railway Co.*, 574 F.3d 253, 259 (5th Cir. 2009); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

The dispute in this case is whether the comparable employees offered by Plaintiff were similarly situated to her. Fifth Circuit case law suggests that employees with different supervisors, who work for different divisions of a company or who were the subject of adverse employment actions too remote in time from that taken against the plaintiff will generally not be deemed similarly situated. *Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 302 (5th Cir. 2000). Employees who have different work responsibilities or who are subjected to adverse employment action for dissimilar violations are not similarly situated. *Smith v. Wal-Mart Stores* (No. 471), 891 F.2d 1177, 1180 (5th Cir. 1990). Case law requires that an employee who proffers a fellow employee as a comparator demonstrate that the employment actions at issue were taken under nearly identical circumstances. *Little v. Republic Ref. Co.*, 924 F.2d 93, 97 (5th Cir. 1991).

The employment actions being compared will be deemed to have been taken under nearly identical circumstances when the employees being compared held the same job or responsibilities, *Wallace v. Methodist Hosp. Sys.* 271 F.3d 212, 221-222 (5th Cir. 2000), shared the same supervisor or had their employment status determined by the same person, *Barnes v. Yellow Freight Sys. Inc.*, 778 F.2d 1096, 1101 (5th Cir. 1985), and have essentially comparable violation histories, *Okoye v. Univ. of Tex. Houston Health Sci.*, 245 F.3d 507, 514 (5th Cir. 2001). The plaintiff's conduct that drew the adverse employment decision must have been nearly identical to that of the proffered comparator who allegedly drew dissimilar employment decisions. *Perez v. Tex. Dep't of Criminal Justice*, 395 F.3d 206, 213 (5th Cir. 2004). If the difference between the plaintiff's conduct and that of those alleged to be

similarly situated accounts for the difference in treatment received from the employer, the employees are not similarly situated for the purpose of an employment discrimination analysis. *Wallace*, 271 F.3d at 221.

Plaintiff has failed to offer a similarly-situated comparator. Simply showing that other members of the ministry or the staff at Friendship West engaged in immoral sexual relations falls far short of proving a comparator outside her protected class who engaged in a nearly-identical violation, but who was not as severely punished. Reverend King and Reverend Fitzgerald were members of the ministry team and not similar to Plaintiff in the employment context. Plaintiff has not specified Jack Acona and Tia Bottom's employment duties nor demonstrated how they were similarly situated to her.

It would be very difficult for Plaintiff to show a similarly-situated comparator herein. There was only one senior pastor at Friendship West, Dr. Frederick Haynes, and only one executive assistant. Plaintiff has failed to show that any other employee shared her work responsibilities and reported only to Dr. Haynes. Plaintiff appears to assume that all staff employees of Friendship West were similarly situated, but provides no factual basis for this assumption.

But the most critical difference between Plaintiff's misconduct, and the conduct she attributes to other employees, is that Plaintiff's "sexting" relationship with Reverend Wright occurred during working hours, on the church premises and using church equipment. This is a far more serious violation than the conduct of Plaintiff's comparator employees, however they may have disported themselves outside of work. None of the other employees cited by Plaintiff was neglecting her work duties in order to engage in sex chat but were not punished.

Moreover, none of the other employees was engaged in a relationship with a nationally-known public figure, which has the added danger of bringing negative publicity and opprobrium on the church. Indeed, Plaintiff's relationship with Wright, which occurred at a time when the reverend possessed an extremely high public profile, carried the potential of extremely negative media coverage of the church. Contrary to Plaintiff's assertions, her conduct is not the same as two employees engaged in an out-of-wedlock relationship. She was engaged in a "sexting" relationship with a public figure, very likely because he was a public figure. She was engaged in sexually-explicit speech with a public figure in a less-than-secure forum. At this time, Reverend Wright was an extremely controversial figure, both for his role as a spiritual advisor to presidential candidate Obama and his controversial and inflammatory sermons. Had Plaintiff's sexually-inflammatory emails with Rev. Wright been intercepted and exposed to public scrutiny, the potential harm to the church and Dr. Haynes' reputation would have been severe.

Even under the facts alleged by Plaintiff, the difference between her conduct and the other employees' conduct would account for the difference in treatment by the employer, hence Plaintiff is not similarly situated to her alleged comparators. Plaintiff has failed to prove a prima facie case on this element of a race-based discrimination claim. She has failed to show a prima facie case of employment discrimination sufficient even to trigger Defendant's requirement to articulate a racially-neutral reason for the adverse employment action. There is no genuine issue of material of fact and Defendant's motion for summary judgment should be granted.

WHEREFORE, Defendant prays that its motion for summary judgment be in all respects granted.

                                              Respectfully submitted,

                                              /s/ *Faith S. Johnson*
                                              Faith S. Johnson
                                              State Bar No. 18367550
                                              Law Offices of Faith Johnson
                                              5201 N. O'Connor Blvd., Suite 500
                                              Irving, Texas 75039
                                              972-401-3100
                                              972-401-3105 (facsimile)


                                              /s/ **John D. Nation**
                                              John D. Nation
                                              State Bar No. 14819700
                                              Wyde & Nation
                                              3131 Turtle Creek, Suite 901
                                              Dallas, Texas 75219
                                              214-521-9100
                                              214-521-9130 (facsimile)

                                              Counsel for Defendant

## CERTIFICATE OF SERVICE

      This is to certify that I have served a true copy of this brief in support of motion for summary judgment on Susan E. Hutchinson, Foreman, Lewis & Hutchinson, 611 Main Street, Suite 700, Grapevine, Texas 76051, via the ECF system on this 11th day of February, 2010.


                                              /s/ **John D. Nation**
                                              John D. Nation