IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELIZABETH PAYNE, § | | |
|    Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3-09CV0595-B |
| | § | |
| FRIENDSHIP WEST BAPTIST CHURCH, | § | |
| INC., | § | |
|    Defendant | § | |

**PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT**

TABLE OF CONTENTS

Table of Authorities……………………………………………………………………………..3

Summary Judgment Standard in Employment Claims…………………………………………4

Application of Law to Facts……………………………………………………………………. 6

      A.      Prima Facie Case……………………………………………………………...6

      B.      Disparate Treatment……………………………………………………………..8

      C.      Pretext……………………………………………………………………………8

      D.      Church's Deliberate Indifference……………………………………………….9

Certificate of Service…………………………………………………………………………...10

TABLE OF AUTHORITIES

**Cases**

*Crawford v. Western Electric Company, Inc.*, 614 F.2d 1300, 1315 (5th Cir.1980)..............4, 6, 7

*Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 140 (5th Cir.1996); ..............................4, 5

*LaPierre v. Benson Nissan, Inc.,* 86 F.3d 444, 449 (5th Cir.1996) ..........................................4, 5

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)......4, 5

*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143, 120 S.Ct. 2106, 147 L.Ed.2d 105 (2000). ...................................................................................................................................5, 6

*Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 994 (5th Cir.1996) (en banc) .................................5

*Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000)………………………..6

*Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 899 (5th Cir.2002).....................................5, 6

*St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993)......4, 5

*Wakefield v. State Farm Ins. Co.*, 75 F.Supp.2d 545, 548 (N.D.Tex. 1999)..........................4, 6, 7

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Plaintiff Elizabeth Payne, and files this Response to Defendant's Motion for Summary Judgment, in support of which would show the Court as follows:

## I.
## SUMMARY JUDGMENT STANDARD IN EMPLOYMENT CLAIMS

The Supreme Court has articulated a procedural model for allocating burdens of evidentiary production and persuasion between the parties when a plaintiff makes claims of discrimination. See *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). "A plaintiff must first establish a prima facie case of disparate treatment on the basis of race by demonstrating that: (1) he is a member of a protected class; (2) he was qualified for the position; (3) despite his qualification, he suffered an adverse employment decision made by a defendant; and (4) he was replaced by, or received less favorable treatment than, similarly situated non-African Americans." *Wakefield v. State Farm Ins. Co.*, 75 F.Supp.2d 545, 548 (N.D.Tex. 1999), citing *Crawford v. Western Electric Company, Inc.*, 614 F.2d 1300, 1315 (5th Cir.1980).

Once the plaintiff constructs a prima facie case, a presumption of discrimination arises, which the defendant must refute by articulating a legitimate, nondiscriminatory reason for the adverse employment decision. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817. If the defendant then articulates a reason for the employment decision which, if believed, would support a finding that the action was nondiscriminatory, the inference of discrimination raised by the prima facie case disappears. *St. Mary's Honor Center*, 509 U.S. at 510-11, 113 S.Ct. 2742; *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 140 (5th Cir.1996); *LaPierre v. Benson Nissan, Inc.,* 86 F.3d 444, 449 (5th Cir.1996). The inquiry then becomes the ultimate question of

whether the defendant intentionally discriminated against the plaintiff. *St. Mary's Honor Center*, 509 U.S. at 510-11, 113 S.Ct. 2742; *Grimes*, 102 F.3d at 140.

Because direct evidence of discrimination is rare, a Title VII plaintiff may resort to circumstantial evidence to prove his claims. *LaPierre*, 86 F.3d at 449. A plaintiff may establish circumstantial evidence of defendant's intentional discrimination by demonstrating that the articulated non-discriminatory reason for the employment action was pretext. *McDonnell Douglas*, 411 U.S. at 804, 93 S.Ct. 1817; *Grimes*, 102 F.3d at 140; *LaPierre*, 86 F.3d at 449.

A plaintiff must be given an opportunity to show that the employer's stated reason for the discharge is false and that race discrimination was the real reason behind the termination. See *McDonnell Douglas*, 411 U.S. at 804, 93 S.Ct. 1817. At this point, the plaintiff bears the ultimate burden of persuasion and can avoid summary judgment consideration only if the evidence, taken as a whole: (1) creates a fact issue as to whether each of the employer's stated reasons was not the actual motivation for the action and (2) creates a reasonable inference that race was a determinative factor in the adverse employment action. *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 994 (5th Cir.1996) (en banc). Simply put, this test is the traditional sufficiency of the evidence standard. *Grimes,* 102 F.3d at 141. The employer will be entitled to summary judgment if the evidence, as a whole, would not permit a factfinder to infer that the true reason for the adverse employment decision was discriminatory. *Id*.

A plaintiff may establish pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or "unworthy of credence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143, 120 S.Ct. 2106, 147 L.Ed.2d 105 (2000). An explanation is false or unworthy of credence if it is not the real reason for the adverse employment action. See *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 899 (5th Cir.2002).

Evidence demonstrating that the employer's explanation is false or unworthy of credence, taken together with the plaintiff's prima facie case, is likely to support an inference of discrimination even without further evidence of defendant's true motive. *Id*. at 897; *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000), 235 F.3d at 223. No further evidence of discriminatory animus is required because "once the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation...." *Reeves*, 530 U.S. at 147-48, 120 S.Ct. at 2108-09. The "rare" instances in which a showing of pretext is insufficient to establish discrimination are (1) when the record conclusively reveals some other, nondiscriminatory reason for the employer's decision, or (2) when the plaintiff creates only a weak issue of fact as to whether the employer's reason was untrue, and there was abundant and uncontroverted evidence that no discrimination occurred. See *Russell,* 235 F.3d at 223 (citing *Reeves*, 530 U.S. at 148, 120 S.Ct. at 2109); *Rubinstein*, 218 F.3d at 400. A decision as to whether a summary judgment is appropriate ultimately turns on "the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case…." *Wallace*, 271 F.3d at 220 (quoting *Reeves*, 530 U.S. at 148-49, 120 S.Ct. at 2109).

## II.

## APPLICATION OF LAW TO FACTS

A.    Prima Facie Case

The Defendant misstates the Plaintiff's burden in this case. The Plaintiff must show 1) she is a member of a protected class; (2) she was qualified for the position; (3) despite her qualifications, she suffered an adverse employment decision made by a defendant; and (4) she was replaced by, OR received less favorable treatment than, similarly situated persons outside

her class." *Wakefield v. State Farm Ins. Co.*, 75 F.Supp.2d 545, 548 (N.D.Tex. 1999), citing *Crawford v. Western Electric Company, Inc.*, 614 F.2d 1300, 1315 (5th Cir.1980) (emphasis added). The Defendant takes the position that Ms. Payne cannot show that she was similarly situated and thus, her claim must fail. This argument fails on two levels. First, Ms. Payne is not required to show that she was treated less favorably than someone similarly situated. That is but one option to establish a prima facie case. The other option, as demonstrated by the use of the word "or" in the listing of the elements, is to show that she was replaced by someone outside of her class. Ms. Payne was, in fact, replaced by a person who is at least partially African-American. Appx 212/2—10. Second, Plaintiff can in this case show that she was treated less favorably than someone similarly situated (see section B, below).

While the Defendant did not focus on the first three elements of a prima facie case, Ms. Payne has met each element. She is in a protected class, Hispanic. Appx 236. She was qualified for the position (which is uncontested by Defendant). Appx 236. She had approximately fourteen years experience in work that was either as administrative assistant or similar. Appx. 236 She had experience fielding phone calls, making travel arrangements, creating correspondence, customer service, public relations, providing reports, reconciling reports, placing employees in various positions as a headhunter, arranging special events, including addressing all necessary details. She was familiar with the church hierarchy and organization. Appx 236. She worked for Bacardi Imports, Tichner Media System (now Univision), Whitley Penn & Associates, Fort Worth Independent School District, Fort Worth Museum of Science and History and McSearch company. Appx 236. She was never fired from any prior job. Appx 236. They all provided experience in the same type of responsibilities as the church administrative

assistant position. Ms. Payne learned to be a good multi-tasker and a team player. Appx 236. She learned to address problems in the workplace and deal with crises that occurred. Appx 236.

Ms. Payne was fired from her position. Appx 68/11—16. Thus, Ms. Payne has met all four elements and established a prima facie case and the Defendant must refute the presumption of discrimination by articulating a legitimate, non-discriminatory reason for termination. Defendant wholly fails to assert a legitimate, non-discriminatory reason for termination in its motion for summary judgment. As a result, Defendant's motion must fail.

B. Disparate Treatment

Plaintiff was an administrative assistant to a pastor. Each pastor had an administrative assistant who performed essentially the same job functions. Appx 236. The church takes the position that there was no similarly situated employee with which to compare treatment. However, the church completely fails to mention Charlotte Rhone, the administrative assistant to Danielle Ayers. Appx 41/20—24. Ayers is the Minister of Social Justice. Appx 117/7—19. The job that Ms. Payne had was identical to the job that Ms. Rhone had. Appx 236. With Ms. Rhone, the church followed its progressive discipline policy and Ms. Rhone received a verbal warning, then a written warning, then a final written warning before being terminated, all for performance issues. Appx 44/3—14. The church treated employees in nearly identical situations differently with respect to the application of the church's progressive discipline policy. This supports an inference of race discrimination. At the very least, it creates a substantial issue of fact for the jury.

C. Pretext

The reasons given by the Defendant for Plaintiff's termination have changed depending upon when and whom was asked. Additionally, the information provided is directly conflicting

in many instances and is totally unsupported by the evidence in others. The fact that Defendant provided numerous instances of alleged misconduct to the EEOC which is directly contradicted by witness testimony demonstrates that the Defendant's proffered reasons for termination are unworthy of credence.

D.   Church's Deliberate Indifference

Ms. Moffitt is trained how to spot signs of discrimination and that is part of her job. Appx 50/9—23; Appx 51/10—22; Appx 52/17—2; Appx 52/25—53/4; Appx 53/5—10; Appx 53/11—16. She did not do any investigation as to whether there was a negative attitude based on race. Appx 56/24—57/5. She did not do an investigation as to whether the church followed its own policies and procedures with respect to the termination. Appx 57/6—10. She did not compare the way Ms. Payne was treated with the way other employees were treated. Appx 57/11—15. She did not investigate whether the reasons offered to fire Ms. Payne were legitimate. Appx 57/18—21. She is not aware of anyone who investigated any of these things. Appx 57/22—109/1.

### III. CONCLUSION

The Plaintiff has established a prima facie case and the Defendant has failed to articulate a legitimate reason for termination. Additionally, had the Defendant articulated a reason for termination, Plaintiff would still overcome Defendant's motion because Plaintiff has raised material fact issues precluding summary judgment regarding the pretextual nature of the reasons for termination, disparate treatment of a similarly situated employee and substantial evidence presented, taken as a whole, would permit the factfinder to infer that the true reason for termination was discrimination.

Respectfully submitted,


s/Susan E. Hutchison
   Susan E. Hutchison
   State Bar No. 10354100

S. Rafe Foreman
State Bar No. 07255200

Kern A. Lewis
State Bar No. 12295320

FOREMAN, LEWIS & HUTCHISON, P.C.
611 S. Main Street, Suite 700
Grapevine, Texas 76051
(817) 336-5533
FAX: (817) 336-9005

**ATTORNEYS FOR PLAINTIFF**


**CERTIFICATE OF SERVICE**

This is to certify that on this 4th day of March, 2010, a true and correct copy of the above and foregoing document was served on the following attorney of record via the court's electronic service:

Faith Simmons Johnson
Faith Johnson & Associates, LLP
5201 N. O'Connor Blvd., Ste. 500
Irving, Texas 75039

John D. Nixon
Wyde & Nation
3131 Turtle Creek, Ste. 901
Dallas, Texas 75219


s/Susan E. Hutchison
Susan E. Hutchison